UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA LOPEZ, | ) Case No. EDCV 11-1001 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## I.    SUMMARY

On July 7, 2011, plaintiff Elena Lopez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; July 12, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 24, 2008, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 20). Plaintiff asserted that she became disabled on July 1, 2007, due to diabetes, high cholesterol, and leg pain due to diabetic neuropathy. (AR 115). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 9, 2010. (AR 30-54).

On May 13, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: insulin dependent diabetes mellitus with peripheral neuropathy, and degenerative disc disease of the low back (AR 22); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 23); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with certain additional limitations[2] (AR 23);

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The ALJ determined that plaintiff: (i) could lift or carry 20 pounds occasionally and 10 pounds frequently; (ii) could sit without restrictions but with appropriate breaks, such as every two hours; (iii) could stand and/or walk for up to six hours in an eight-hour workday with appropriate breaks, such as every two hours; (iv) was limited to occasional postural activities; and (v) could not work at unprotected heights, do work that requires balancing, or work with dangerous or fast moving machinery. (AR 23).

(4) plaintiff could perform her past relevant work as a collections clerk (AR 25); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 24).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

|   |     |                                                                                    |
|---|-----|------------------------------------------------------------------------------------|
| 1 | (4) | Does the claimant possess the residual functional capacity to                      |
| 2 |     | perform claimant's past relevant work?  If so, the claimant is                     |
| 3 |     | not disabled.  If not, proceed to step five.                                       |
| 4 | (5) | Does the claimant's residual functional capacity, when                             |
| 5 |     | considered with the claimant's age, education, and work                            |
| 6 |     | experience, allow the claimant to adjust to other work that                        |
| 7 |     | exists in significant numbers in the national economy?  If so,                     |
| 8 |     | the claimant is not disabled.  If not, the claimant is disabled.                   |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

     The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

    **B.**    **Standard of Review**

     Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

     To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ inadequately evaluated the credibility of her subjective complaints. (Plaintiff's Motion at 3-14). The Court disagrees.

### 1. Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Robbins, 466 F.3d 880 at 883 (citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted). The only time this standard does not apply is when there is affirmative evidence of malingering. Id. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and
///

did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch, 400 F.3d at 681.

### 2. Analysis

First, the ALJ properly discredited plaintiff's subjective complaints of pain due to internal conflicts within plaintiff's own statements and testimony. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); see also Fair, 885 F.2d at 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony). For example, at the hearing plaintiff testified that she (1) was in constant, sometimes severe pain (AR 35, 40); (2) had "a lot of trouble driving," and usually would have her adult children drive her places or run errands for her (AR 37, 44-45); (3) could not sit for more than 30 minutes or stand for more than an hour at a time (AR 37, 47-48); (4) could lift no more than six pounds (AR 42); (5) could grocery shop with assistance for brief periods, but would usually have one of her daughters do grocery shopping for her (AR 45); (6) could cook (AR 45); and (7) could not work at a job that would require sitting for six hours each day, or even a job that involved only light lifting

and allowed her the option to sit/stand at will (AR 40, 48).  In contrast, the report of a December 20, 2009 Internal Medicine Consultation reflects that plaintiff told Dr. Jagvinder Singh, a consultative examining physician, that "[s]he has no problems with dressing, grooming and bathing herself . . . [and that] [s]he is able to drive, do grocery shopping, cooking, dishes, laundry and take short walks." (AR 366).  In addition, at the hearing plaintiff testified that even though she was prescribed Vicodin to be taken "three times a day as needed," and she sometimes took it up to "six times a day for the pain," the medication still did not alleviate her pain ("it doesn't help me and it doesn't do nothing for me no more"; "[the pain pills] don't really do nothing to me no more")  (AR 36, 38).  At other points during the hearing, however, plaintiff indicated that her medication had actually helped.  For example, plaintiff testified:  "if I take a pain pill and I lay down for a little while, then I could get up and I go okay for a little while . . . [a]nd then when the pain starts coming back again, then I have to take more pain pills" (AR 38), and "[the Vicodin] takes away my pain, but I don't feel like, you know, like some people who take pills and they feel [better] . . . but it doesn't do that no more to me" (AR 39), and "some days . . . I have to take a pill to even get out of the bed in the morning."  (AR 48).

       The ALJ properly concluded that the foregoing inconsistencies in plaintiff's statements and testimony diminished the credibility of plaintiff's subjective complaints of disabling pain.  See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony.").  While plaintiff argues that the foregoing evidence does not reflect internal conflicts within plaintiff's own statements and testimony, this Court will not second-guess

///

///

the ALJ's reasonable interpretation that it does, even if such evidence could give rise to inferences more favorable to plaintiff.[3]

Second, an ALJ may properly consider a plaintiff's failure to "seek treatment or to follow a prescribed course of treatment" in assessing her credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Here, as the ALJ noted, treatment records reflect that plaintiff had been non-compliant with recommended treatment. (AR 24) (citing Exhibit 1F at 12 [AR 173]). While an ALJ may not reject symptom testimony where a claimant provides "evidence of a good reason for [the alleged non-compliance]," Smolen, 80 F.3d at 1284 (citations omitted), plaintiff has not presented such a sufficient reason.

Finally, the ALJ properly discredited plaintiff's subjective symptom testimony due, in part, to the absence of supporting objective medical evidence. Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)). For example, as the ALJ noted, Dr. Singh observed that plaintiff (1) "[had] no problems walking from the waiting room to the examination room or in getting on and off the examination table"; (2) had only "slight difficulty in taking off her shoes and putting them back on"; (3) "[sat]

---

[3] Plaintiff argues that the ALJ erred because he "[failed to] provide any analysis in the decision, as she [sic] must, as to how [plaintiff's] meager activities relate to the ability to perform gainful work activity over a 40 hour, five day work week." (Plaintiff's Motion at 11). Plaintiff's argument is premised on an incorrect reading of the ALJ's decision, and thus lacks merit. As plaintiff correctly notes, her ability to carry out certain minimal activities of daily living would not "detract from her credibility as to her overall disability" unless the record showed that such activities "consume[d] a substantial part of [plaintiff's] day." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citing Fair, 885 F.2d at 603). Here, however, the ALJ did not base his credibility determination on plaintiff's ability to engage in certain daily activities, but instead discredited plaintiff because, as discussed above, her testimony and statements about such activities contained several significant inconsistencies. (AR 24).

comfortably during the examination"; and (4) had a gait that was "within normal limits."  (AR 367).  The ALJ also noted, and plaintiff does not dispute, that the record contains "[n]o treating source [that] delineates any functional limitations."  (AR 25).  Therefore, it was reasonable for the ALJ to conclude that the objective medical evidence "do[es] not support the level of limitations alleged by [plaintiff]."  (AR 25).

Accordingly, a remand or reversal on this basis is not warranted.

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 26, 2012

                                                                    /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE